**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GERRARD D. JONES,**

    **Plaintiff,**

**VS.**                                              **Case No. 4:16cv263-MW/CAS**

**EMANUEL LAWSON, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, was granted a fourth and final extension of time in which to file the second amended complaint. ECF No. 29. Plaintiff's deadline was April 21, 2017. *Id.* Nothing was received from Plaintiff on that deadline, but on May 1, 2017, a purported "amended complaint" was received. ECF No. 30. It appears that first mailed it to the wrong court and it was forwarded to this Court. *See* ECF No. 30 at 8. Nevertheless, the complaint is frivolous as Plaintiff wrote only on the title page of the complaint form. The rest of the document is blank and not signed.

Plaintiff has had since September 2016 to file the amended complaint. *See* ECF No. 19. No further opportunities should be provided. Indeed, when granting that last motion, ECF No. 28, Plaintiff was warned that no further extensions of time would be provided. Seven months is more than sufficient.

As of this date, Plaintiff has not complied with that Order. "A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b)."[1] <u>Ciosek v. Ashley</u>, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The local rules of this Court also provide that if "a party fails to comply with . . . a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken." N.D. Fla. Loc. R. 41.1. Accordingly, because

---

[1] Rule 41(b) provides that if a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

Plaintiff has not complied with numerous orders to file an amended complaint, this case should now be dismissed for failure to prosecute.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on May 2, 2017.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**